No. 2792

Second Circuit

---

COOPER v. STEPTOE

---

(January 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 4, 4 (a), 4 (d).**

The act of driving an automobile on the left side of the road at night without lights is gross negligence and makes the driver liable in damages for the resulting collision with another automobile.

(Civil Code, Art. 2315.—Editor's note.)

2. **Louisiana Digest — Automobiles — Par. 7.**

Where one, a minor, eighteen years of age, driving an auto at night on the right-hand side of the road with his headlights burning, is confronted with another auto driving on the wrong side of the road without his headlights burning, the action of the driver of the first car in turning to the left in order to avoid a collision, after he saw the other car, is not contributory

negligence, because he had not created nor contributed to the creation of the hazardous situation.

**3. Louisiana Digest—Appeal—Par. 625.**

Finding of the trial court on matters, being clearly correct, is affirmed.

Appeal from the Fourth Judicial District of Louisiana, Parish of Morehouse.

Action by D. W. Cooper against R. G. Steptoe.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

McHenry, Montgomery, Lamkin & Lamkin, of Alexandria, attorneys for plaintiff, appellee.

Shotwell & Brown, of Monroe, attorneys for defendant, appellant.

WEBB, J. The defendant appeals from a judgment rendered against him for fifteen hundred dollars, the amount of the damages found to have been sustained by plaintiff, which resulted from a collision between an automobile owned by plaintiff and in which he was riding at the time of the accident, with an automobile owned by defendant.

Plaintiff answered the appeal, praying that the judgment be amended and the amount increased to twenty-seven hundred and fifty dollars, as originally claimed.

## OPINION

The defendant urges that the evidence failed to establish negligence on the part of the driver of defendant's car and that it shows the driver of plaintiff's car to have been negligent and his negligence to have contributed to the accident.

It is conceded the collision occurred in the night on the public highway between Bastrop and Monroe at a point where there is a slight curve in the roadway and that at the time of the accident plaintiff's car was being driven towards Monroe and defendant's car was being driven toward Bastrop.

Plaintiff, and his minor son, who was about eighteen years of age, and who was at the time of the accident driving plaintiff's car, state that plaintiff's car was equipped with headlights which were burning, and that it was being driven on their right-hand side of the roadway at a speed of twenty or twenty-five miles an hour, and that as they came into the slight curve the headlights of their car fell upon the lenses in the headlights (which were not lighted) of a car on their right-hand side of the roadway, and that plaintiff's son first turned their car further to their right-hand side of the roadway and then to their left, and that their car had reached a point about the center of the roadway when the collision occurred.

On the other hand, the driver of defendant's car and defendant's wife, who was at the time in the car, state that the headlights on defendant's car were burning and that the car was being driven on their right-hand side of the roadway at a speed of two or three miles an hour when they noted plaintiff's car approaching on their right-hand side of the roadway, and that the driver of plaintiff's car suddenly attempted to pass in front of defendant's car to the other side of the roadway with the resulting collision.

Immediately after the collision other persons arrived at the scene of the accident and noted that there were no lights on defendant's car, and also noted the courses of the cars just prior to and at the time

of the accident, and the physical facts established by their testimony established that defendant's car was on the edge of the roadway on plaintiff's right-hand side.

The traffic ordinances of the parish of Ouachita, which were filed in evidence, like the statute (Act No. 120 of 1921), requires that automobiles when driven on the highway after dark shall have two lights on the front of the car, and that the drivers of vehicles, when approaching and passing another from the opposite direction, shall keep to their right of the roadway.

The driver of defendant's car was violating the law in driving at night without headlights and in driving on his left-hand side of the roadway. He was guilty of gross negligence and we are of opinion that his negligence was the proximate cause of the accident. By driving on the public highway at night without headlights and on his left-hand side of the roadway he created a hazardous situation and whereby plaintiff was, without fault on his own part, placed in a position of danger. On being confronted with this danger plaintiff's son attempted first to drive his car further to his right-hand side of the roadway to avoid colliding with defendant's car, and finding that there was not sufficient room for his car to pass between defendant's car and the ditch without driving his own car into the ditch, he then attempted to avoid a collision by turning his car to the left of defendant's car, which he thought was not moving. In doing this plaintiff's son was not guilty of contributory negligence for the reason that he had not created nor contributed to the creation of the hazardous situation and exercised his best judgment in seeking to escape from the impending danger.

After reading all of the evidence, we are convinced that the judgment of the District Court is amply supported thereby.

The amount of damages allowed by the trial court seems to us to be reasonable and proper.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.